# *Exhibit A*

Demand Letter
(10/16/2020)



John A. Lee
Banie & Ishimoto LLP
3705 Haven Ave. #137
Menlo Park, CA 94025
Phone: 650-241-2774
Email: jlee@banishlaw.com

VIA U.S. MAIL

October 16, 2020

Mr. James Proffit
NAPCO, Inc.
120 Trojan Ave.
Sparta, NC 28675

    Re:    Infringement of Landmark Technology A, LLC's Patent Rights

Dear Mr. Proffit:

    We are intellectual property counsel for Landmark Technology A, LLC ("Landmark"). Landmark has exclusive rights to patents covering certain special-purpose computer, communication and network technologies relating to Internet searching, e-commerce, electronic bill pay, business-to-business transactions, multimedia data processing networks and mobile technologies. Landmark's widely regarded patented technology covers, among other things, special-purpose hardware and software systems supporting key transaction processes and features used in many electronic commerce systems, including structures which exchange business data amongst trading partners.

    Landmark's patents have been licensed to over 200 companies across various industries. Landmark's patents rank extremely high in patent citing activity and have been cited nearly 200 times by the USPTO whereas the average patent has only five citations during its lifetime. Highly cited patents are generally known to be of greater technical importance, and even fewer rise to the level of "pioneer patents" achieved by the Landmark patents.

    Landmark believes that NAPCO, Inc. ("NAPCO") automated multimedia data processing network systems, particularly https://binders.com/ and https://binders.com/my-account/ practices U.S. Patent No. 7,010,508 C1 ("'508 Patent"), as exemplified by the website and the code therein. You will find that the '508 Patent teaches and claims an automated multimedia data processing network for processing business and financial transactions between entities from remote sites. This includes data processing systems wherein a computerized installation acts on inquiries and orders from stations [as do NAPCO's servers], communicates with stations which use program instructions and act as the user interface [as do those

Case 1:21-cv-00025-TDS-LPA   Document 15-1   Filed 03/26/21   Page 2 of 3

devices interfaced to NAPCO's web servers in communication with NAPCO's servers], sequences are retrieved in a forwardly/backwardly chained response (as defined by the inventor) to data entered into a text input field [as seen in devices interfaced to NAPCO's web servers], and data is updated in a computerized installation storage [as per the functionality of NAPCO's web servers]. For example, the specific functionalities implemented by NAPCO using their servers and devices interfaced to NAPCO's web servers constitutes use of the technology taught within the meaning of Claim 1 of the '508 patent.

Landmark is currently offering NAPCO a non-exclusive license to its '508 patent, for $65,000. This offer represents a substantial discount to the historic licensing price of Landmark's portfolio, and will not be available in the event of litigation.

We appreciate your attention to this matter and request a response within 15 days of this letter. Please contact me at the phone or email above, or contact my colleague, Jennifer Ishimoto, at ishimoto@banishlaw.com or (650) 241-2773.

Very truly yours,

John A. Lee
Partner
BANIE & ISHIMOTO LLP